SHEPARD, Chief Justice,
dissenting.
A suspension of sixty days without pay is not an adequate sanction for a judge whose disorganization and indifference caused a man wrongly to sit in prison for two years.
Three of Indiana's finest trial judges have done an exceptionally hard thing by sitting in judgment of a colleague's actions, and they have given chapter and verse about the citizens (including both defendants and defendants' families, and the victims and their families) whose dearest interests suffered from Judge Hawking disorganization and disregard. This is not a story about an isolated error of omission, of which any of us can be guilty from time to time. Rather, the evidence reflects a series of failures under cireumstances that afforded many reminders and alerts. These did not avail because Judge Hawking' office was a place where family phone calls went unheeded and letters went to the wastebasket.
Moreover, the Masters have laid bare how Judge Hawkins responded once the judiciary's disciplinary body forced the Judge and his Commissioner and their staff to confront the fact that a grave failure had occurred on their watch. The combination of collective dissembling and business-as-usual under cireumstances that would put most of us on the highest alert led them to say:
The Masters have reluctantly come to the conclusion that the failure to correct the misrepresentations promptly and the failure to offer an accurate and complete accounting of what happened in the Buntin case is the same as Judge Hawkins' deliberately setting out to deceive the Commission and the public.
*248 The question dividing the members of this Court is whether Judge Hawkins may be presented to the public as someone who can be relied on to take better care of litigants going forward. His approach to defending the present charges helps answer that question and the answer is not comforting. Beyond all the actions that so shocked the trial judges hearing the witnesses, Judge Hawkins has chosen to argue to us that Mr. Buntin isn't necessarily innocent. Suggesting that perhaps there wasn't much injustice in Buntin's two-year wait in prison for a ruling is not the sort of defense one ought to hear from a judi-clal officer, but it complements Judge Hawkins' proposal that the appropriate sanction might be time off with pay. I associate myself with Justice Sullivan's assessment of the appropriate sanction.